DAVID BLANKENHORN, Appellee, v. WILLIAM J. EDGAR et al., Appellants.

**APPEAL AND ERROR:** Voluntary Dismissal of Appeal. The voluntary dismissal by defendant of his appeal from a judgment or decree manifestly leaves the judgment or decree to stand *as rendered,* except in so far as it may be challenged by plaintiff's appeal.

**VENDOR AND PURCHASER:** Rights and Liabilities—Rebuilding Destroyed Improvements. A vendor of realty may not, *on his own motion,* rebuild improvements which are destroyed by fire after the

execution of the contract and before the day for delivery, and compel the purchaser to pay the cost of such rebuilding, when the purchaser has contracted that, in case of such loss, he shall receive the insurance and bear such loss.

**HOMESTEAD:  Sale—Failure of Spouse to Sign Contract.**  One who
3  has contracted with the owner *alone* for the purchase of realty which includes a homestead has no right to demand a conveyance of all of said land *except the homestead,* when the owner and the nonsigning spouse tender a conveyance of the entire property. Especially is this true when the conveyance of the entire property is tendered in accordance with the terms of an unquestioned decree.

**EQUITY:  Jurisdiction—Retention for Complete Relief.**  Principle re-
4  affirmed that equity, having acquired jurisdiction of a subject-matter, should retain it and decree complete relief.

*Appeal from Washington District Court.—*H. F. WAGNER, Judge.

MARCH 7, 1922.

SUIT in equity, for specific performance of contract to sell land.  Decree for plaintiff, and defendants appeal.  The opinion states the facts, so far as material.—*Modified, affirmed, and remanded.*

*Seerley & Clark, J. C. McCoid,* and *Brookhart Bros.,* for appellants.

*Livingston & Eicher,* for appellee.

WEAVER, J.—On March 10, 1919, the plaintiff and the defendant W. J. Edgar entered into a written contract, by the terms of which Edgar undertook to sell and convey to plaintiff a certain farm of 194.17 acres in Washington County for the agreed price of $60,551.92, payable $5,000 down, $15,551.92 on March 1, 1920, and the remaining sum of $40,000 to be evidenced by plaintiff's note, dated March 1, 1920, payable in five years, with interest annually at 5½ per cent, and secured by mortgage on the property.  Conveyance was to be made by warranty deed on March 1, 1920.  It was also provided that destruction of any of the improvements upon the property should be the loss of

the purchaser, and that the insurance should be paid to him. The contract was signed by the plaintiff and the defendant W. J. Edgar, but was not signed by Bessie P. Edgar, his wife. Before the date arrived at which the conveyance was to be made, plaintiff brought this suit, alleging that defendants were threatening not to perform the contract, and to transfer or incumber the title in a manner to disenable them to perform their agreement; and he prayed the issuance of a temporary injunction, forbidding the sale or incumbrance of the property in violation of the contract, and that on final hearing a decree be entered, compelling specific performance. Defendants took issue upon the petition, setting up various answers and defenses, most of which, for reasons hereinafter appearing, have no material bearing upon this appeal. It should be said, however, that defendants pleaded a right of homestead in the property, and alleged (what is admitted) that the defendant Bessie P. Edgar did not join in the contract sought to be enforced. W. J. Edgar also contended that, under his agreement with plaintiff, he had a reserved right to rescind; that he had, in fact, rescinded the contract, and thereafter the barn on the property had been destroyed by fire, and he had rebuilt it at an expense to himself of $5,000 or more. He further pleaded that the down installment of $5,000 upon the purchase price had never been paid to him, but was represented by a promissory note made by the plaintiff; and this is admitted. There was a trial to the court, resulting in a decree for the plaintiff for the specific performance of the contract, as to all the lands except that part included in the homestead of the defendants, to be thereafter platted and marked out, the value of such homestead, when ascertained, to be deducted from the contract price of the premises. It was also provided that, if the wife should refuse to join in the conveyance of the land outside of the homestead, the plaintiff should be entitled to retain a proportionate part of the contract price until said wife should elect to unite in such conveyance, or until her inchoate right of dower should otherwise be extinguished. The decree then further provides as follows:

"In the event the defendants, at any time before the further decree of this court is rendered, fixing the value of said homestead, tender a good and sufficient warranty deed to the

plaintiff, covering the whole of the real estate described in the contract upon which this suit is brought, then the plaintiff is hereby directed to pay the entire contract price in the manner and form as required by said contract; and in addition thereto, the plaintiff shall pay the defendant the sum of $5,400, to cover the cost of the building of the barn which has been erected on said premises since the execution of said contract; but the plaintiff shall be entitled to and is hereby given the insurance which has been or hereafter may be received, to cover the loss sustained by reason of the burning of a barn on said premises after the signing of the contract sued upon. The plaintiff shall be allowed to assume and pay the mortgage now resting upon said premises, together with accumulated interest thereon, and any other incumbrances and liens against said real estate, and to deduct same, first, from the cash payment to be made by him, and second, any balance in excess thereof, from the mortgage to be executed by him under any settlement which may be made under the terms of said contract and this decree. * * * It is further adjudged and decreed that the plaintiff herein is entitled to the possession of all of said real estate except such as may be selected and platted as a homestead, as herein provided, and he has been entitled to the possession of the same since the 1st of March, 1920, and the right is hereby reserved to him to prosecute an independent action for the value of the use of same from the 1st of March, 1920. Said cause is continued for further hearing as to the value of said land and homestead and other matters deemed necessary by this court, and for final decree, and to determine the rights of the parties agreeably to the prayer of the petition as amended.''

The defendants appealed from this decree, and filed a supersedeas bond to stay proceedings thereunder. The plaintiff also appealed; but, in submitting the appeal, raises only two objections to the decree. These objections are to that provision which requires plaintiff to reimburse the defendant for the cost of rebuilding the barn, and to the further provision which allows plaintiff to assume and pay the existing mortgage on the land, as part of the purchase price. After these appeals had been taken, and before their submission, the defendants, W. J. Edgar and Bessie P. Edgar, husband and wife, united in executing and

tendering to plaintiff a warranty deed of all the lands described in the contract sale, including the homestead, and dismissed their appeal, written notice of which action was given as follows:

"To the plaintiff, David Blankenhorn: You are hereby notified that the defendants, W. J. Edgar and Bessie P. Edgar, have elected and do hereby elect to comply with the decree of the district court of Washington County, Iowa, in the above entitled cause, and they hereby tender and offer to convey to you the entire tract of real estate, including the homestead mentioned in the contract of sale upon which said decree of specific performance was entered. And they hereby tender and offer to you a warranty deed for said real estate, as provided in said decree, which said deed was executed by them on the 17th day of November, 1921; and if for any reason said deed should not be in exact compliance with said decree, they hereby tender and offer to correct the same, and to make the same to fully comply with said decree, or they hereby tender and offer to execute any other deed that will fully comply with said decree. And you are further notified that they have abandoned and do hereby abandon their appeal to the Supreme Court of Iowa, and will move for an affirmance of said decree and for judgment for the purchase price of said real estate, as provided in said decree. These defendants hereby tender and offer to comply with all the requirements of said decree, and tender and offer to do all things required to be done by them by said decree. Signed this 2d day of January, 1922. W. J. Edgar, Bessie P. Edgar, Defendants."

To this notice and tender, the plaintiff responded with a written refusal, in words following:

"To W. J. Edgar and Bessie P. Edgar: You are hereby notified that the undersigned has elected to and does hereby refuse to purchase and accept from you a conveyance of the 40 acres heretofore or hereafter claimed as your homestead, and included in the farm described in the contract entered into by and between said W. J. Edgar and the undersigned David Blankenhorn, of date March 10, 1919. You are further notified that any option to make such sale and conveyance of your home-

stead given by the decree of the district court of Washington County, Iowa, entered at the September, 1920, term of said court, in the case of David Blankenhorn v. W. J. Edgar et al., from which decree an appeal has been prosecuted by you and is now pending in the Supreme Court of Iowa, is hereby withdrawn, dismissed, abrogated, and terminated by the undersigned, and any tender by you hereafter of performance of such portion of said decree, or of any decree that may be hereafter rendered by the Supreme Court of Iowa, will not be accepted by the undersigned. You will therefore take notice and govern yourselves accordingly that, in the event of the affirmance, reversal, or modification of said decree by the Supreme Court of Iowa, and your failure to plat said homestead, the undersigned will proceed to have your said homestead platted and the value thereof determined as provided in said decree, and settlement will be made with you for the balance of said farm, exclusive of the homestead, in manner and form as provided in said decree.

"David Blankenhorn,
"By Livingston & Eicher, his attorneys."

After the service of these notices, the defendants filed a motion to affirm the decree of the district court, and to fix the time in which appellee must pay the amount due from him upon the contract of sale and decree of the court. The motion was taken under advisement, to be disposed of with the case. The agility with which these parties have changed front in the course of the litigation involves in some complication what would otherwise be a very simple case. It is to be regretted that the trial court did not withhold its decree until all the contentions arising out of this contract could have been completely settled in a single adjudication. As it is, there are left in suspense several matters, which may afford material for vexatious litigation. It shall be our effort in this opinion to eliminate, so far as possible, any excuse for prolonging a controversy in which there is no possibility of profit to either party.

I. Perhaps we can best begin the unraveling of the legal tangle by considering the effect of the voluntary dismissal of the defendants' appeal. The first obvious suggestion is that it leaves the decree to stand as rendered, except as it is challenged by

1. APPEAL AND
ERROR: volun-
tary dismissal
of appeal.

the plaintiff's appeal. As we have already noted, his appeal raises but two questions: the propriety of allowing defendants to recover the cost of rebuilding the barn; and the assumption of the existing mortgage debt by the plaintiff. Referring to the last objection, it is not easy to understand why it is urged by the plaintiff. The decree does not require or force upon plaintiff the assumption of the debt. It simply provides that he shall be "allowed to assume" and pay it. The evident thought of the trial court was that the extension of this opportunity or right of election to plaintiff might enable him the more easily to meet the payments on his contract. He is not required to accept the favor thus offered.

2. VENDOR AND
PURCHASER:
rights and lia-
bilities: rebuild-
ing destroyed
improvements.

The other objection, relating to the cost of the barn, is not so easily disposed of. In his reply to defendants' answer, alleging the loss and rebuilding of the barn, plaintiff admitted the fact, and, after denying his legal liability to reimburse the defendant, concluded by saying: "However, this plaintiff hereby asks the court in its final decree herein to make such equitable adjustment with reference thereto as may be fair and just in the premises."

In view of this declaration, and of the contract provision by which plaintiff assumed the risk of such loss from the date of the contract, the trial court felt at liberty to adjudge him liable to the cost of the rebuilding, but gave him the benefit of the insurance. It must be said, however, that such allowance finds little or no support in the law. Defendant seems to have undertaken the rebuilding as an entirely voluntary matter, without notice to or request from the plaintiff. The fact seems to be that he construed the contract as allowing him to rescind or abandon it, upon payment of the liquidated damages therein provided for, and says that it was his purpose to pay the damages and keep the land. Unfortunately, the contract would not bear that construction. The contract imposed the loss on the plaintiff. Defendant was under no obligation, legal or equitable, to rebuild the barn for the benefit of plaintiff, and in the absence of some request or consent, expressed or implied, he could not charge the plaintiff with an expense so incurred.

Moreover, there seems to be an entire absence of evidence tending to show the value of the improvement, or the extent, if any, to which it may have enhanced the value of the farm. Defendant simply says that the building cost him $5,400. We are disposed to hold, therefore, that the decree in this respect should be so far modified as to eliminate the provision for recovery by defendant of $5,400 for the barn, and the further provision for credit to plaintiff for the insurance upon the building destroyed.

II.   What effect is, then, to be given to the plaintiff's refusal to accept defendants' tender of a conveyance of all the land, pursuant to the contract and decree of the court? If we understand counsel, the refusal is based upon the theory that, the court having held that specific performance of the contract, so far as it related to lands within the homestead, was not enforcible over defendants' objections, and having ordered specific performance as to the rest of the lands, it was not competent for the court to further provide that such decree of performance shall be applicable to all the lands if the defendants should waive said objection by tendering a conveyance of the entire premises. Standing upon the proposition that such added provision is of no force or effect, it is insisted that, even though defendants are ready and willing to convey, and tender a good and sufficient conveyance of all the land, including the homestead, in precise accord with the contract for the performance of which plaintiff brought this suit, plaintiff may refuse the tender, and elect and require that the homestead be taken out, and that the conveyance to him be limited to that part of the land outside of the homestead. The argument for plaintiff on this point is summed up in his brief in the following words:

3. HOMESTEAD: sale: failure of spouse to sign contract.

"The decree should be so modified as to make it clear that it is entirely optional with the plaintiff to purchase said homestead or not. The contract upon which said decree is based was absolutely void as to the homestead. The plaintiff could not enforce it against the defendants, and for this reason the defendants could not enforce it against the plaintiff; and the court by its decree could not give the defendants a greater right than they had under the contract."

The reasoning is unsound. It is true that the contract as to the homestead was not enforcible over the defendants' objection; but it was competent for them, when brought into court for specific performance, to waive the defense. If neither husband nor wife raised the plea of homestead, the purchaser could not escape the obligation of the contract on his part by alleging its invalidity on such ground. It is also true that the purchaser of lands including a homestead may, if the defense be raised, exercise an option to take conveyance of the outside premises; but in the absence of such defense, no option exists. So, too, if the defense is made, but before final decree it is waived or withdrawn, there is no option left to the buyer.

We think it must further be said that the declaration contained in plaintiff's notice of refusal of the tender of a conveyance, to the effect "that any option to make such sale and conveyance of your homestead given by decree of the district court of Washington County entered at the September, 1920, term of said county, in the case of David Blankenhorn v. W. J. Edgar, from which decree an appeal has been prosecuted by you and is now pending in the Supreme Court of Iowa, *is hereby withdrawn, dismissed, abrogated, and terminated by the undersigned, and any tender by you hereafter of performance of such portion of such decree or of any decree that may hereafter be rendered by the Supreme Court of Iowa will not be accepted by the undersigned,*" is quite unavailing. A party may, of course, take exception to the court's decree, and seek relief therefrom by appeal; but counsel will not contend that such party may avoid the effect of a decree by declaring it abrogated, or by proclaiming in advance that he will not yield to any adjudication or order "hereafter rendered" by the court. The courts are, of course, powerless to compel a purchaser to accept a tender of performance for which he himself prayed. The prize for which he so vigorously contended may seem less desirable, as it nears his grasp. It is for him to say whether the "game is worth the candle." He asked for specific performance of the contract. By the decree of the trial court and by the surrender of the defendants, he has just what he bargained for. He alone can decide whether he thinks the victory of sufficient value to justify him in accepting its fruits, or whether he will, by refus-

ing so to do, abandon all claim to relief. The clause of the decree which appellee now seeks to repudiate is as much a part of the adjudication as is any other clause therein. The defendants have dismissed their appeal, and are not in position to complain of said clause. The plaintiff's appeal suggests no objection to it. There is nothing on the face of the record to justify this court in setting it aside or ignoring it. It must, therefore, be held that the defendants' tender of conveyance of all the property which was the subject of the contract is, to that extent, a sufficient compliance with such contract and with the terms of the decree of the trial court.

It follows, then, that, subject to the modification above mentioned, with respect to the item of defendants' expense incurred in rebuilding the barn, the decree appealed from must be af-

4. EQUITY: jurisdiction: retention for complete relief.
firmed, and the cause remanded to the trial court for supplemental decree settling the collateral questions which that court left for future adjustment. Equity, having acquired jurisdiction in the premises, should retain it for full and complete settlement of all disputes arising over the contract and its enforcement, including the matter of interest on the purchase price, as well as the matter of claims for rents and profits, and should not remit the parties to another action at law or in equity. Of the matters left undetermined by the decree here affirmed, the dismissal of defendants' appeal and the modification and affirmance upon plaintiff's appeal, together with the tender of full performance and conveyance by the defendants, have the effect to eliminate from further consideration the subject of platting and appraising defendants' homestead, and the appraisal of the inchoate right of dower in the defendant Bessie P. Edgar. In view of the fact that the subject of the controversy is farm land, and its possession for the year now opening is a matter of importance, it should have the earliest practicable attention by the court below. If plaintiff should think better of his announced purpose not to accept the full performance of the contract, he should be given fair opportunity to make payment of such sum or sums as are found necessary to meet the requirements of the contract. If, however, he persists in refusing to accept the tendered conveyance, and refuses to perform on his part, such

refusal should be entered of record, and the supplemental decree should provide for the cancellation of the contract and the release of the defendants from all obligation thereunder. Upon the hearing of these supplementary questions, the trial court may admit such additional testimony as the parties may have to offer, but should not undertake to retry or reopen issues adjudicated by the decree which we have here affirmed.—*Modified, affirmed, and remanded.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.